UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

UNITED STATES OF AMERICA,

    Plaintiff,

v.                                       Case No.  8:11-cv-2062-T-30AEP

FUNDS IN THE AMOUNT OF
$193,773.00,

    Defendant.
_____/

## ORDER

THIS CAUSE comes before the Court upon Defendant's Motion for Judgment on the Pleadings (Dkt. 11) and Plaintiff's Response in Opposition (Dkt. 14).  The Court, having reviewed the motion, response, and being otherwise advised in the premises, concludes that the motion should be denied.

## BACKGROUND

This is a civil action *in rem* to forfeit to the United States of America, pursuant to 31 U.S.C. § 5317(c)(2) and 18 U.S.C. § 984, approximately $193,773.00 (Defendant Funds) on the grounds that the funds constitute property involved in or traceable to deposits structured to avoid currency transaction reporting requirements, in violation of 31 U.S.C. § 5324(a). Defendant Funds were seized by the Drug Enforcement Administration ("DEA") on April 26, 2011, pursuant to an April 25, 2011 seizure warrant issued in Case No. 8:11-MJ-1202-TBM.

This action was filed on September 12, 2011.  According to DEA Special Agent Brian Zdrojewski, Defendant Funds were seized from GTE Federal Credit Union account number 678658079, which was held in the name of G&H Pharmacy, Inc.  The complaint alleges that between April 15, 2010 and August 20, 2010, G&H Pharmacy, Inc., through its owners and authorized signatories on its business bank account, and with the help of a former bank employee, made forty-one (41) cash deposits into the account from which Defendant Funds were seized, which were deposited in a manner consistent with a scheme to deliberately avoid the filing of Currency Transaction Reports ("CTRs").

Claimants Katherine Mkparu and Udo Ezike-Mkparu, individually and as owners, sole shareholders, and officers of G&H Pharmacy, Inc., filed a verified statement of claim, right, or interest asserting their interest in Defendant Funds.  Claimants also filed an answer and affirmative defenses, which included an affirmative defense based on a one-year statute of limitations.

This action is now at issue upon Claimants' motion for judgment on the pleadings.  Claimants argue that judgment on the pleadings is appropriate in their favor because the one-year statute of limitations contained in 18 U.S.C. § 984(b) precludes forfeiture of Defendant Funds.

The Court concludes that judgment on the pleadings is not appropriate under the circumstances because the complaint establishes a cause of action.

## STANDARD OF REVIEW

A motion for judgment on the pleadings is governed by the same standard as a Rule 12(b)(6) motion to dismiss. *See Hawthorne v. Mac Adjustment, Inc.,* 140 F.3d 1367, 1370 (11th Cir. 1998). When considering such a motion, the Court must "accept the facts alleged in the complaint as true and draw all inferences that favor the nonmovant." *Bankers Ins. Co. v. Fla. Residential Prop. & Cas. Joint Underwriting Ass'n,* 137 F.3d 1293, 1295 (11th Cir. 1998). If it is clear that the plaintiff would not be entitled to relief under any set of facts that could be proved consistent with the allegations, the court should dismiss the complaint. As with a motion to dismiss, the "[f]actual allegations must be enough to raise a right to relief above the speculative level." *Bell Atlantic Corp. v. Twombly,* 550 U.S. 544, 555, 127 S.Ct. 1955, 167 L.Ed.2d 929 (2007) (abrogating *Conley v. Gibson,* 355 U.S. 41, 45–46, 78 S.Ct. 99, 2 L.Ed.2d 80 (1957)).

## DISCUSSION

The Government may file a civil forfeiture action under 18 U.S.C. § 981(a)(1)(A) against funds that were the subject of structured banking transactions. 31 U.S.C. § 5317(c)(2). Specifically, 31 U.S.C. § 5317(c)(2) states: "Any property involved in a violation of section 5313, 5316, or 5324 of this title ... and any property traceable to any such violation ... may be seized and forfeited to the United States in accordance with the procedures governing civil forfeitures in money laundering cases pursuant to section 981(a)(1)(A)."

Congress passed what is now 18 U.S.C. § 984 to close a loophole under which money launderers could escape civil forfeiture by emptying and then later replenishing the bank accounts holding laundered money, which made it difficult to trace the tainted property. *See generally United States v. All Funds Presently on Deposit or Attempted to Be Deposited in Any Accounts Maintained at Am. Express Bank,* 832 F.Supp. 542, 557-58 (E.D.N.Y. 1993). Section 984 states that "[i]n any forfeiture action in rem in which the subject property is ... funds deposited in an account in a financial institution," the Government does not have to "identify the specific property involved in the offense that is the basis for the forfeiture." 18 U.S.C. § 984(a)(1)(A). Further, "it shall not be a defense that the property involved in such an offense has been removed and replaced by identical property." *Id.* at § 984(a)(1)(B).

Section 984 also states that "[n]o action pursuant to this section to forfeit property not traceable directly to the offense that is the basis for the forfeiture may be commenced more than 1 year from the date of the offense." *Id.* at § 984(b). As stated by one district court, "[s]ection 984, then, allows the forfeiture of fungible property with both a physical nexus to the tainted property-i.e., 'identical property found in the same place or account'-and a temporal nexus to the tainted property-'[n]o action ... may be commenced more than 1 year from the date of the offense.'" *U.S. v. $79,650 Seized from Bank of America account ending in -8247, in name of Afework*, 2009 WL 331294, at *2-4 (E.D. Va. Feb. 9, 2009) (hereinafter "*Afework*").

The complaint here alleges that Claimants intentionally made deposits of just under $10,000 to avoid the bank reporting requirements. Claimants argue that they are entitled to

judgment on the pleadings because the Government commenced its civil forfeiture action more than one year after the date of the alleged offense. As noted above, the allegedly structured deposits began on April 15, 2010, and ended on August 20, 2010. Claimants argue that August 20, 2010, is the latest date that triggers the beginning of the running of time for the statute of limitations, and that the filing of the complaint on September 12, 2011, is clearly after the expiration of the one-year deadline.

Claimants and the Government disagree about what the Government must do to "commence[ ]" an "action" within one year of "the date of the offense." 18 U.S.C. § 984(b). Claimants argue that the one-year time limit required the Government to file its civil forfeiture complaint by August 20, 2011. The Government counters that it only had to effect the actual seizure, not the filing of the complaint, within one year of the date of the offense, and the April 26, 2011 seizure was well within the one-year time period.

> In *Afework*, the district court noted:
>
> The correct interpretation of the one-year time limit rarely arises and has not been conclusively settled. *See United States v. $8,221,877.16 in United States Currency,* 330 F.3d 141, 157-61 (3d Cir. 2003) (holding that "in order to forfeit property that is not directly traceable to the offense under section 984, the government must file a complaint within one year of the date of the offense"); *but cf. United States v. Funds Representing Proceeds of Drug Trafficking,* 52 F.Supp.2d 1160, 1166 (C.D.Cal.1999) (citing legislative history supporting the view that either filing a forfeiture complaint or instituting a seizure within one year fulfills the timing requirement in § 984(b)).

2009 WL 331294, at *2-4. Thus, the parties' arguments with respect to the one-year time limit present a difficult and unsettled issue for the Court's consideration. However, like the

district court in *Afework*, the Court concludes that it would be inappropriate to address the interpretation of section 984(b) at this stage, because whether the Government's complaint survives a motion for judgment on the pleadings does not depend on the correct interpretation of section 984. That is because the complaint here states a valid forfeiture action even if the Government does not have a valid claim under section 984.

Indeed, as the Government points out in its response to Claimants' motion, the complaint does not rely solely on section 984 to state a forfeiture claim because it also asserts a claim under 31 U.S.C. § 5317(c)(2), which provides that property <u>traceable</u> to a structuring violation "may be seized and forfeited to the United States in accordance with the procedures governing civil forfeitures in money laundering cases pursuant to section 981." In other words, the one-year time limit does not apply to a forfeiture action brought under section 981, i.e., "[t]he question [of] whether the Government commenced an 'action pursuant to [ section 984]' within the one-year limit of [section] 984(b) *affects only whether [section] 984 will allow the Government to forfeit property 'not traceable directly to the offense that is the basis for the forfeiture.*'" 2009 WL 331294, at *2-4 (emphasis added).[1]

Accordingly, the parties' dispute over the one-year time limit contained in section 984 does not affect the salient issue here, which is whether the pleadings demonstrate that Claimants are entitled to judgment as a matter of law. They do not. It is therefore

---

[1] A different federal statute contains the general statute of limitations for forfeiture actions, which, with some exceptions, is set at five years. *See* 19 U.S.C. § 1621.

ORDERED AND ADJUDGED that Defendant's Motion for Judgment on the Pleadings (Dkt. 11) is DENIED.

**DONE** and **ORDERED** in Tampa, Florida on December 13, 2011.

JAMES S. MOODY, JR.
UNITED STATES DISTRICT JUDGE

**Copies furnished to:**
Counsel/Parties of Record

S:\Even\2011\11-cv-2062.mtjudgplead11.frm