UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

UNITED STATES OF AMERICA,

    Plaintiff,

v.                                         Case No. 8:11-cv-2062-T-30AEP

FUNDS IN THE AMOUNT OF
$193,773.00,

    Defendant.

## **FINAL JUDGMENT OF FORFEITURE**

THIS CAUSE comes before the Court on the United States' Motion for a Judgment of Forfeiture for $63,000 (Doc. 22), pursuant to the provisions of 31 U.S.C. § 5317(c)(2) and Supp'l Rule G, Supplemental Rules for Certain Admiralty or Maritime Claims and Asset Forfeiture Actions, and to dismiss the remaining defendant funds, $130,773.

Having been fully advised in the premises, the Court hereby finds that the $193,773 (defendant funds), is forfeitable to the United States pursuant to 31 U.S.C. § 5317(c)(2), on the grounds that the funds constitute property involved in or traceable to deposits structured to avoid currency transaction reporting requirements, in violation of 31 U.S.C. § 5324(a).

The Court further finds that the only persons or entities known to have an alleged interest in the defendant funds are Katherine Mkparu, Udo Ezike-Mkparu, Florence Mkparu, G&H Pharmacy, Donald Collins (as registered agent for G&H

Pharmacy), Donna Codling, H.D. Smith Wholesale Drug Co., and Harvard Drug Group, LLC. In accordance with the provisions of Supp'l Rule G(4)(b)(i), petitioners Katherine Mkparu and Udo Ezike-Mkparu, personally and as owners of G&H Pharmacy (along with the other potential claimants, who did not file a claim), received actual notice of this action and were sent a copy of the Complaint for Forfeiture *in Rem*.

The Court further finds that Katherine Mkparu and Udo Ezike-Mkparu executed a Consent to Forfeiture wherein they agreed to forfeit $63,000 of the defendant funds and the United States seeks to dismiss the remaining $130,773 and return those funds to the Mkparus, individually and as owners of G&H Pharmacy.

The Court further finds that the United States filed a Declaration of Publication which reflects that notice of this forfeiture was posted on an official government internet website (www.forfeiture.gov) for at least 30 consecutive days, beginning on September 15, 2011, pursuant to Supp'l Rule G(4)(a)(iv)(C).

The Court further finds that no other person or entity with an alleged interest in the defendant funds has timely filed a claim, and the time for filing such a claim has expired. Accordingly, it is hereby

ORDERED, ADJUDGED AND DECREED that for good cause shown, said Motion (Doc. 22) of the United States is hereby GRANTED.

It is further ORDERED that, pursuant to the provisions of 31 U.S.C. § 5317(c)(2) and Supp'l Rule G, all right, title, and interest in $63,000 of the defendant

funds is hereby CONDEMNED and FORFEITED to the United States for disposition according to law. Clear title to the $63,000 is now vested in the United States of America. It is further ORDERED that the remaining $130,773 is hereby dismissed from this action.

The Clerk of Court is directed to close this case.

**DONE** and **ORDERED** in Tampa, Florida on July 24, 2012.

JAMES S. MOODY, JR.
UNITED STATES DISTRICT JUDGE

Copies furnished to:
Counsel/Parties of Record

F:\Docs\2011\11-cv-2062.forfeit fj 22.wpd